United States District Court
Southern District of Texas
**ENTERED**
January 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ABELARDO G. GONZALEZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:21-CV-00295 |
| | § |
| CANDACE R MOORE, *et al.*, | § |
| | § |
| Defendants. | § |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Plaintiff Abelardo G. Gonzalez is a state prisoner incarcerated at the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ) Powledge Unit in Palestine, Texas.  D.E. 26, n. 4.  Proceeding pro se, Plaintiff filed this prisoner civil rights action regarding incidents that occurred while incarcerated at the TDCJ McConnell Unit. D.E. 1.  On August 16, 2022, United States Magistrate Judge Jason Libby issued a Memorandum and Recommendation (M&R, D.E. 26), recommending that Plaintiff's action be dismissed.  Plaintiff timely filed his objections (D.E. 27, 29), each of which is addressed below.

### I. Legal and Factual Accuracy

First, Plaintiff misstates the applicable legal standard by citing only *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).  D.E. 29, p. 1.  *Jones* predates the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  While it is true that *Jones* permits dismissal only when the

plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint, *Twombly* and *Iqbal* further require that the factual pleadings be substantive and not conclusory. *See Iqbal*, 556 U.S. at 678. The Magistrate Judge applied the correct standards. To the extent that Plaintiff suggests otherwise, his objection is **OVERRULED**.

Second, Plaintiff argues that the M&R misconstrues the nature of the cat's residence in the prison library by stating that the cat frequented the library. D.E. 27, p. 2. He appears to suggest that a more permanent residency of the cat materially improves his claim. Plaintiff's objection does not demonstrate what impact this distinction makes in the legal analysis of the Magistrate Judge and is therefore inadequate. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (to be considered, the objection must point out with particularity the error in the magistrate judge's analysis). The Court finds that whether the cat was a continuous resident or frequent visitor at the facility is a distinction without a difference in this matter. Accordingly, Plaintiff's second objection is **OVERRULED**.

## II. Negligence

Third, Plaintiff argues that his gross negligence claims for personal injury are not barred by the Texas Tort Claims Act (TTCA) because the TDCJ Defendants, Candace Moore and Megan Thompson, were not acting within the scope of their employment at the time of the incident. D.E. 27, p. 2; D.E. 29, p. 3. In support of this argument, Plaintiff presents no new facts or legal support. He appears to be arguing that personal injury claims

are, by their nature, not employment-related. Alternatively, he could be arguing that allowing a cat on the premises was outside the scope of employment.

The TTCA is the correct statute for negligence claims for personal injury and defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by competent authority." *See* Tex. Civ. Prac. & Rem. Code § 101.001(5). Plaintiff's allegations state that Defendants' actions occurred at their place of work, the TDCJ McConnell Unit law library. D.E. 24, p. 23. Defendants have the responsibility to oversee the activities on the premises; this satisfies that these employees were acting within the scope of their employment. *See Hundall v. Univ. of Tex. at El Paso*, No. EP-13-CV-00365-DCG, 2014 WL 12496895, at *12 (W.D. Tex. Feb. 21, 2014) (finding that plaintiff's claims under the TTCA for negligence, gross negligence, and assault against governmental employees should be dismissed because the employees were agents of the government and the alleged actions occurred while the defendants were at work). Plaintiff's third objection is **OVERRULED**.

Fourth, Plaintiff re-urges that because inmate Adrian Chavez took responsibility for the cat being in the library after the attack, Chavez had a duty to the Plaintiff sufficient to support his negligence claim. D.E. 29, p. 3. Plaintiff does not assert any facts or legal authority by which a prison inmate may lawfully own and keep a pet, such as a cat, in the facility.

According to Plaintiff's complaint, Chavez stated that he had made an agreement with Defendants Moore and Thompson to take responsibility for the cat after the alleged attack, with the implication that Chavez sought to curry favor with his supervisors as an assistant in the library. D.E. 1, p. 10. However, Plaintiff's description of the facts also state that Defendants Moore and Thompson had permission to house the cat, the cat was staying in Defendant Moore's office, and Defendant Thompson planned to take the cat home once it was done nursing. *Id*. at 7. These facts indicate that Chavez was not the owner of the cat or responsible for its actions. Plaintiff's fourth objection is **OVERRULED**.

### III. Immunity

Fifth, Plaintiff objects to the M&R's finding that the Eleventh Amendment bars his claims for monetary damages against the TDCJ Defendants in their official capacities, contending that he asserted no such claims. D.E. 27, p. 3. The Magistrate Judge has a duty to construe pro se complaints liberally. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). In his complaint, Plaintiff states that he is suing the TDCJ Defendants in their individual and official capacities and requests monetary relief. D.E. 1, pp. 3, 24. The Magistrate Judge did not err in his analysis. The Court **OVERRULES** Plaintiff's fifth objection.

### IV. Retaliation

Sixth, Plaintiff objects to the M&R's finding that the alleged instances of retaliation were *de minimis*. D.E. 27, p. 4. He claims that he was labeled a snitch in retaliation for filing grievances, and that this conduct is sufficient to support his claims. *Id*. This argument

was raised in his complaint, but not discussed by the Magistrate Judge. D.E. 1, pp. 9-10; *See* D.E. 26. The Court will now address this argument.

Some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights and therefore cannot form the basis of a § 1983 claim. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Being labeled a snitch and subjected to threats and physical harm as a result of exercising one's constitutional rights may deter an inmate from the future exercise of those rights, satisfying the *de minimis* test. *Gonzalez v. Trevino*, No. 5:20-CV-52, 2021 WL 7184963, at *4 (S.D. Tex. Nov. 12, 2021), *report and recommendation adopted in part sub nom. Gonzalez v. Webb Cnty.*, No. 5:20-CV-52, 2022 WL 190709 (S.D. Tex. Jan. 21, 2022). Here, Plaintiff claims that Defendants Moore and Thompson told inmates, including Chavez, that Plaintiff is a snitch. D.E. 1, pp. 9-10. However, Plaintiff states no allegations of threats or physical harm that he suffered because of this label. This is insufficient to satisfy the *de minimis* test and Plaintiff's sixth objection is therefore **OVERRULED**.

Seventh, Plaintiff contends that the Magistrate Judge erred in finding that his transfer was not retaliatory. D.E. 27, p. 4. Plaintiff cites Fifth Circuit precedent to support that a transfer to a more dangerous prison satisfies the *de minimis* test. *Id*. However, the M&R's reasoning regarding Plaintiff's transfer did not rely on the *de minimis* test; rather, the M&R reasoned that Plaintiff could not show retaliatory purpose or causation because he stated conclusory allegations and was only temporarily transferred to the new unit,

consistent with the use of that unit for intermediate transfers. D.E. 26, p. 16. Plaintiff's objection does not address the legal finding of the Magistrate Judge and is therefore **OVERRULED**.

### V. Deliberate Indifference

Eighth, Plaintiff re-urges that the cat's dangerousness was known to Defendants and emphasizes the seriousness of his injury. D.E. 29, p. 2. In that regard, he states that the cat was a stray and was unvaccinated. He does not allege any facts to support his claim that the cat was known to scratch, bite, or otherwise present a danger to inmates.

He also re-asserts that Defendants told the prison medical staff not to treat him. *Id*. Yet by his own description of the facts surrounding the event, he did get medical care for the scratch. D.E. 24, p. 25. Nothing in the pleading indicates what authority Defendants Moore or Thompson would have over his medical care or what, specifically, he was deprived of at their insistence.

Plaintiff has not cited any new facts or legal support for his argument and the Magistrate Judge's analysis was correct. Plaintiff's eighth objection is therefore **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation

to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly,

(1) Plaintiff's § 1983 claims for money damages against Moore, Thompson, and John and Jane Doe in their official capacities are **DISMISSED without prejudice** as barred by the Eleventh Amendment;[1]

(2) Plaintiff's § 1983 claims against Moore, Thompson, and John and Jane Doe are **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1);

(3) Plaintiff's negligence claims against all Defendants are **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1); and,

(4) Plaintiff's request for injunctive relief is **DISMISSED with prejudice** because Plaintiff has failed to state any viable cause of action on which injunctive relief can be granted.

This action is **DISMISSED** in its entirety.

ORDERED on January 23, 2023.

*[signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[1] Though the M&R states that all claims should be dismissed with prejudice, the dismissal of these claims based on lack of jurisdiction should be without prejudice. *See Crenshaw-Logal v. City of Abilene, Tex.*, 436 F. App'x 306, 310 (5th Cir. 2011); *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).