United States District Court
Southern District of Texas
**ENTERED**
April 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ABELARDO G. GONZALEZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:21-CV-00295 |
| | § |
| CANDACE R MOORE, *et al.*, | § |
| | § |
| Defendants. | § |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's "Motion to Alter/Amend Judgment Under F.R.C.P. 59(e)" (D.E. 50). On March 6, 2023, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation to Deny Plaintiff's Motion to Alter or Amend Judgment (M&R, D.E. 51). After obtaining an extension on the deadline, Plaintiff timely filed his objections (D.E. 57) on March 30, 2023. *See* D.E. 56. Plaintiff states seven lettered objections, each of which is addressed below.

A.  Plaintiff objects to the M&R's statement that he was proceeding *in forma pauperis* because he paid the filing fee. D.E. 57, p. 1. The M&R accurately recounts the proceedings in that Plaintiff initially attempted to proceed *in forma pauperis*, but that status was denied and he paid the filing fee. D.E. 51, pp. 1-2. The objection does not identify a manifest error of law or fact. The objection further does not state any error that would affect the outcome. The objection is **OVERRULED**.

1 / 5

B.   Plaintiff objects to the M&R's recital of his *Spears* hearing because he did not have his legal material with him and was not furnished a copy of his complaint with his exhibits. D.E. 57, p. 2. This objection does not identify a manifest error of law or fact. Neither does it state any issue that would affect the outcome of the case. Plaintiff was provided an adequate opportunity to present the facts on which he relies. The objection is **OVERRULED**.

C.   Plaintiff objects to the alleged failure to apply Federal Rule of Civil Procedure 10(c), which allows for the incorporation by reference of exhibits. D.E. 57, p. 2. As an example, he claims that his exhibits regarding his retaliatory transfer were not considered. The Court considered all of Plaintiff's exhibits. And Plaintiff has not demonstrated in this objection that consideration of any exhibit would have affected the outcome. The objection is **OVERRULED**.

D-1.   Plaintiff objects to the M&R's finding that he failed to show sufficient prejudice related to not receiving a copy of the Court's Order and Judgment in a timely manner so as to prepare his Rule 59(e) motion. D.E. 57, pp. 2-3. He recites all of his prison transfers as an apparent indication of why he did not receive the Order and Judgment in a timely manner and/or how difficult it was for him to focus on that matter. However, with the additional time passing between his filing of the Rule 59(e) motion and the time he objected to the M&R, he does not state what evidence, arguments, or authorities he was prevented from timely including in his Rule 59(e) motion. He has therefore failed to

demonstrate any manifest error of fact or law or how that error affected the outcome. The objection is **OVERRULED**.

D-2. Plaintiff objects to the M&R's quotation of this Court's observation that Plaintiff was transferred to the Joe Ney Unit consistent with the use of that unit as an intermediate transfer hub. D.E. 57, p. 4. He claims that, because his property was transferred with him and his housing was subject to the Unit Classification Committee's (UCC) review, it was not an intermediate transfer. His point is countered by his own evidence that multiple transfers show that his stay at the Joe Ney Unit was short, no longer than about three months. *See e.g.,* D.E. 57, p. 6. The objection is **OVERRULED**.

E. Plaintiff objects to the finding that he has failed to supply evidence of a retaliatory purpose or causation in association with his complaints about his transfer to the Joe Ney Unit. D.E. 57, p. 5. While he argues that he previously explained the issue in his allegations, such allegations are not evidence and his assertions have been conclusory. Nowhere has he provided fact-based allegations that support his conclusion that the Joe Ney Unit is more dangerous.

The argument advanced in his objection appears to be solely based on the timing of his transfer within eight (8) days of the filing of his grievance related to not allowing him a phone call with his attorney. D.E. 57, p. 6. That grievance, in turn, contends that the deprivation of the phone call was retaliatory for filing a different grievance (the nature of which was not explained), making the transfer more remote in time from the beginning of his disputes. *See* D.E. 57, p. 7.

The evidence provided does not demonstrate the date of the prior grievance that allegedly initiated Plaintiff's problems. Therefore, Plaintiff's representation that the transfer was retaliatory because it took place eight days after he filed his most recent grievance is misleading, as his retaliation argument extends back further than eight (8) days, leaving it an open question as to how much time had passed from the initial affront on which he bases his retaliation claims. And temporal proximity, alone, does not satisfy the requirement that the exercise of a constitutional right caused the retaliation. *Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009) (quoting *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007)).

Plaintiff's argument that the Joe Ney Unit was clearly more dangerous for him is supported only by his claim to having been injured on February 13, 2022. *See* D.E. 57, p. 9. This was several months after he was transferred to the Joe Ney Unit, after the alleged retaliation that sent him there, and a month after the order by which he was to be transferred under a writ of habeas corpus ad testificandum to another facility. D.E. 57, p. 10. Also, Plaintiff makes several observations that the injury was on Super Bowl Sunday, but does not indicate whether that fact, rather than it being "a more dangerous prison," might make the conditions more (or less) conducive to violence in the unit on that day. And he was not returned to the Joe Ney Unit after his bench warrant on February 18, 2022. D.E 57, p. 6.

Plaintiff has not demonstrated that the motive or reason for his temporary transfer to the Joe Ney Unit was retaliatory. The Court properly found that the exhibits did not support Plaintiff's claim because the mere fact that an inmate is transferred does not

establish a retaliatory motive or causation for that transfer. The objection is **OVERRULED**.

F. Plaintiff objects to the M&R's conclusion that being labeled a snitch does not overcome the *de minimis* test, arguing that such a holding is contrary to *United States v. Henderson*, 565 F.2d 900, 905 (5th Cir. 1978). D.E. 57, p. 14. The *Henderson* case does not address the *de minimis* test. It stands only for the proposition that an inmate may exercise his right to remain silent during questioning to avoid the appearance of being a snitch. A prosecutor's reference to the inmate's silence as evidence of guilt would thus be prejudicial in a prosecution against the inmate. Otherwise, Plaintiff's objection is a mere rehashing of his previous arguments, which have been rejected. The objection is therefore **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's motion to alter or amend the judgment (D.E. 50) is **DENIED.**

**ORDERED** on April 13, 2023.

*[signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE